IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PUCCI,                       )
                                   )
           Plaintiff,              )
                                   )
      v.                           ) Civil Action No. 06-00175
                                   )
LIBERTY LIFE ASSURANCE             )
COMPANY OF BOSTON, D/B/A           )
LIBERTY MUTUAL, and                )
COLUMBIA ENERGY GROUP              )
SERVICE CORPORATION,               )
                                   )
           Defendants.             )

MEMORANDUM

Gary L. Lancaster,                            July 2| 2006
District Judge.

     This is an employee benefits dispute. Plaintiff, David Pucci, alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), against defendant Liberty Life Assurance Company of Boston ("Liberty Life"). Specifically, plaintiff claims that Liberty Life unlawfully reduced and set off his long term disability payments in violation of ERISA. Plaintiff also alleges a breach of contract claim against defendant Columbia Energy Group Service Corporation ("Columbia"). In his breach of contract claim, plaintiff alleges that Columbia "breach[ed] its collective bargaining contract and permitt[ed] the unlawful setoff and/or reduction of plaintiff's long term disability benefits in violation of his collective bargaining contract." Complaint at ¶18. Plaintiff seeks money damages.

Defendant Columbia has filed a motion to dismiss[1] arguing that Count II of the complaint fails to state any claim upon which relief can be granted because plaintiff's breach of contract claim is based on a collective bargaining agreement, and is thus, barred by section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185 et seq. (the "LMRA"). Specifically, defendant argues that any claim for breach of a collective bargaining agreement is barred by plaintiff's failure to exhaust the grievance procedures of the applicable collective bargaining agreement. In the alternative, defendant argues that Count II should be dismissed because plaintiff's claim is time-barred by the applicable statute of limitations.

For the reasons which follow, defendant's motion to dismiss will be granted.

I.   BACKGROUND

Plaintiff was employed by Columbia and was insured under a long-term disability policy Columbia maintained for its employees through Liberty Life. Plaintiff was a member of the Utility Workers of America, Local 475 (the "Union"). Columbia and the Union entered into a collective bargaining agreement on May 1,

---

[1] Defendant Liberty Life filed an Answer to plaintiff's Complaint on April 21, 2006. We note that Count I of the Complaint is against Liberty Life and Count II is against Columbia. As such, the instant motion to dismiss only involves Count II.

2

1998.  Among other things, the collective bargaining agreement contained provisions regarding long-term disability and a grievance procedure.

Since February 1, 2000, plaintiff has been on long-term disability and has been receiving payments since that time.  On September 24, 2001, plaintiff's long-term disability payments were reduced by Liberty Life when plaintiff was awarded social security disability benefits.  This dispute centers around whether the reduction of plaintiff's long-term disability benefits (based on his social security disability award) was proper.  As such, plaintiff seeks to recover the amount by which his long-term disability payments where reduced by Liberty Life, beginning on September 24, 2001.

II.  STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote.  The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief.  See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal

theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is according to this standard that the court has reviewed defendant's motion. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is persuaded "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief" under Count II of his Complaint. Conley, 355 U.S. at 45-46.

III. DISCUSSION

As an initial matter, it is clear from plaintiff's response to defendant's motion to dismiss that section 301 of the LMRA is the applicable statute governing plaintiff's breach of contract claim (Count II) against Columbia. Indeed, on page 3 of his opposition brief, plaintiff concedes that his breach of contract claim against Columbia is for breach of the collective bargaining agreement. Moreover, the only contract plaintiff cites in his Complaint is the collective bargaining agreement between Columbia and the Union. The law is clear that, "the pre-emptive force of §301 is so

4

powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." <u>Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust for Southern Calif.</u>, 463 U.S. 1, 23 (1983). As such, we analyze plaintiff's claim via the section 301 of the LMRA--not state substantive law for breach of contract.

Where, as here, a dispute arises based on provisions contained in a collective bargaining agreement, a plaintiff must first exhaust the grievance procedure set forth in the collective bargaining agreement.  Section 8 of the collective bargaining agreement applicable here sets forth a grievance procedure as follows:

> should differences arise between the Company and the Union or its members employed by the Company as to the application of the provisions of this agreement...it is agreed that such difference shall be settled in the following manner....

The agreement then sets forth at length, a very detailed grievance procedure, which includes a series of written submissions and discussions between the employee and/or a union representative and the company.  If such discussions are unsuccessful, the agreement requires that the matter then be referred to arbitration or mediation. There is no dispute that plaintiff did not pursue any claims through the collective bargaining agreement's grievance procedure.

In <u>Angst v. Mack Trucks</u>, 969 F.2d 1531, 1537-38 (3d Cir.

5

1992), the Court of Appeals for the Third Circuit addressed this very issue. In Angst, a group of employees brought suit against their employer and union alleging violations of state and federal labor law arising from a breach of a buy-out plan.  Id. at 1532. On appeal, the court held that the LMRA, not state contract law, applied to the dispute. The court stated, "Supreme Court precedent unequivocally instructs us to resolve disputes concerning collectively bargained labor agreements pursuant to federal law rather than state law." Id. at 1536. Moreover, the Supreme Court has also interpreted section 301 of the LMRA to require that federal law preempts state law if the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, or "if the claims proffered by the plaintiffs substantially depend upon analysis of the terms of an agreement made between parties in a labor contract." Id.

The Court of Appeals for the Third Circuit held that the LMRA clearly requires aggrieved employees to exhaust their collective bargaining agreement's grievance and arbitration procedures before filing a complaint in federal court "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  Id. at 1537. The court added, "because [plaintiffs] ignored and failed to resort to their CBA's dispute-resolution procedures, the district court was obliged to dismiss their suit." Id.

Here too, the collective bargaining agreement between Columbia and the Union contained an extremely broad, mandatory grievance procedure to address "differences aris[ing] between the Company and the Union or its members employed by the Company as to the application of the provisions of this agreement." Plaintiff's complaints regarding the reduction of his long-term disability benefits were covered under Section 7A of the collective bargaining agreement. Since this is a dispute between "the Company and [a Union member] employed by the Company," plaintiff was required to exhaust his grievance procedures prior to filing suit in federal court. By all accounts, plaintiff failed to resort to the collective bargaining agreement's dispute-resolution procedures. As such, we are obliged to dismiss plaintiff's federal claim for breach of collective bargaining agreement. See Angst, 969 F.2d at 1538.

Because plaintiff failed to exhaust the grievance procedures set forth in the collective bargaining agreement at issue, his claim for breach of the collective bargaining agreement pursuant to section 301 of the LMRA must fail. In light of our decision, we need not address defendant's alternative grounds for dismissal. Count II is dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

IV. CONCLUSION

Accordingly, we conclude that defendant's motion to dismiss Count II of the Complaint will be granted for failure to state a claim upon which relief can be granted. The appropriate order follows.

BY THE COURT:

_____, J.

cc:     All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PUCCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00175 |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, D/B/A | ) |
| LIBERTY MUTUAL, and | ) |
| COLUMBIA ENERGY GROUP | ) |
| SERVICE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

ORDER

Therefore, this 21st day of July, 2006, IT IS HEREBY ORDERED that defendant's motion to dismiss Count II of the Complaint is GRANTED.

BY THE COURT:

_____, J.

cc: All Counsel of Record